Mm-hmm Good morning I'm John Rhodes from the Missoula office of the Federal Defenders of Montana I represent Tim Bulle. I'll try to reserve two minutes for my rebuttal argument. The district court convened a final revocation hearing to adjudicate two alleged violations of supervised release on September 6th. One violation was an allegation of alcohol consumption, simply drinking alcohol on June 7th. A more serious allegation was a new criminal offense of committing a DUI on June 7th. Mr. Bulle admitted to drinking alcohol on June 16th of 2007. He denied on my advice, Fifth Amendment grounds, the DUI allegation because at that point the DUI was a pending criminal prosecution in the city court in Great Falls. Was that, was that tried? It was actually ultimately dismissed Your Honor. So that DUI in Great Falls in terms of the new criminal prosecution has now been dismissed. The government offered no evidence. It did nothing to try to prove the DUI allegation that Mr. Bulle denied. Was there a ruling by the court on the DUI? No. The DUI was largely unaddressed. There was no evidence offered. The government simply said that it would rely, if it had to offer evidence, on the details provided in the revocation petition. And that was it. Beyond that, the only two things that happened were Mr. Bulle twice asserted his Fifth Amendment right. If the court ruled on, what would be the problem? I mean, it seems to me that if you brought the trial on two charges and they're severed, and you try a person on one, that doesn't prevent a later trial on the other. If they were actually severed at the time, Your Honor, or withdrawn, the government could have said we're withdrawing that allegation. We're simply proceeding on the June 7th drinking allegation. Or the government could have came in and moved the court to sever. The court could have suggested withdrawing the allegation. There could have been a motion for continuance. None of that happened. Mr. Bulle asserted his rights to have the government prove that allegation at this final revocation hearing, and the government didn't do anything. And now the government wants to have a second hearing. Well, I suppose they're saying, well, and nothing was ever done with that charge. It remained pending all the time. You know, you never You may have been in jeopardy, but the jeopardy never ended. Perhaps that is the government's argument. And the problem with that, this was a final revocation hearing. Mr. Bulle was arrested on a warrant on the revocation petition that contained that allegation. When he initially appeared on the revocation petition, that allegation was at play. We prepared for that allegation when we went to court. We had met with Mr. Bulle multiple times. We discussed his Fifth Amendment. We were told to remain silent given the pending prosecution in Great Falls, which is standard operating procedure. You're never going to come in and admit to an allegation that violates supervision. That is a pending criminal prosecution because you in essence just came in and pled guilty to the pending charge. We had obtained the police reports. We had talked to the state public defender in Great Falls. Mr. Bulle was prepared for this allegation that was at issue, and the government simply did nothing to prove it. What's your response to the government's point that really all this, all the revocation matters fall under the original Jeopardy? You know, it's not, we've got cases saying it isn't double jeopardy to have a revocation hearing and impose an additional sentence. And that may, I think the government is of the view that just takes the double jeopardy clause out of the picture. Two responses. One is if Great Falls would have proceeded with the criminal prosecution on the DUI, the government's correct. That does not violate the double jeopardy clause. But second, as we briefed, the court, the district court set the second final revocation hearing under the auspices of a Rule 35 motion. Rule 35 doesn't provide for setting a second final revocation hearing. And in fact, this court's case law is very clear that Rule 35 does have a double jeopardy component. You cannot use Rule 35 to increase punishment. And the district court in its order said that's the reason it wanted to have this second final revocation hearing was so that it could consider additional punishment. And so that would. And Rule 35, the authority you're relying on for saying you can't do that under 34 is, is, relies on double jeopardy? Yes. Yes. This court has a series of cases. Kennedy, Johnson, I think Clutterbuck is one of them. I cited them extensively in our briefs saying you can't use Rule 35 to increase punishment. If you do that, it violates the double jeopardy clause. Are those cases talking about double jeopardy or are they just talking about the limits of Rule 35? Both. It's both on the plain language of Rule 35, which is in this instance corrected to limit, limited to correcting a sentence, and then also extends it to a double jeopardy clause. So there are two reasons to revoke probation, right? Correct. That was the allegations, the petition. It's got to try the first one. Why does it have to try the second one at the same time? Again, the government didn't do anything other than saying at the beginning of the hearing it was prepared to prove the allegations. It said that. I'm asking you, why did they have to do it at the same time? Because, excuse me, Your Honor, I'm sorry to interrupt you. They've got two different events, so why do they have to combine them? Well, Rule 32.1 talks about revocation proceedings have to be reasonably unfolded. And we think it's unreasonable to basically give the government two bites at the apple. Also, there's What isn't two bites at the apple? There's two different offenses. Violations, yes. Yes. I mean, that's not two bites at the apple. He did two different things. And I find it awfully difficult to know why you appeal this. Haven't you just delayed everything for your client? My client's actually been released from prison and is back on supervision. So what will this give him or anybody? If we fail in this appeal, presumably the district court may or will set a second final revocation hearing, and we'll have to go in and defend and basically have a mini trial in this DUI allegation. But he's already been cleared on that. It was dismissed, yes. So why would the government do that? I mean, I really wonder what's going on with the federal public defender that you have time to do this. Well, we also think not only does it vial the reasonable time provision of Rule 32, it's fundamentally unfair to our client and inherently misleading to basically create this new procedure where the government forfeits its opportunity to prove an allegation that he's been arrested on, he's initially appeared on, we've prepared to defend, nothing happens. Well, it's sort of annoying to you, but to use terms like fundamentally unfair and inherently unreasonable, I don't quite see that. Well, that's the case law in terms of obviously due process is an analog for fundamental. You've used these big words, double jeopardy, due process. This is just two different events that appeared to violate the man's probation. The government was taking it one at a time. They were not going to extend his punishment. They were just going to put him back where he'd been, the original sentence. Had the government came in and said we'd like to withdraw the allegation, we'd like a continuance on that, had the government done anything, I wouldn't be here and I couldn't be disagreeing with your point, Your Honor, but the government didn't do anything. We said we were going to deny that standard operating procedure. They called no witnesses. They offered no affidavits. They offered no police report. They didn't even offer the petition into evidence. They didn't do anything. And that's unfair to Mr. Boulay to expect that this final revocation hearing is going to be just that, a final revocation hearing, and then the government was unprepared or simply didn't do anything. Well, let me ask you this now. He's been, for all intents and purposes, acquitted. The City of Great Falls DUI charge, yes, that's been dismissed. I'm not sure if it's with or without prejudice, but it has been dismissed. Well, how long ago was it dismissed? It was dismissed, the revocation hearing, federal revocation hearing happened in I can't remember exactly, but I think what happened in practical matter, once the City of Great Falls realized Mr. Boulay received a 12-month federal prison sentence, then the City of Great Falls was satisfied that it didn't need to proceed. It was cleared to be 10. Yeah, exactly, 10 months, yes, that's true. It didn't need to proceed with the DUI. That happens all the time in Montana. I think it's a cost-saving issue for the local governments and the state government. So has Judge Molloy heard, has he had a hearing on the DUI? No, when the hearing approached, Your Honor, it was set for December of 2007, we filed a motion notifying the court that we had divested the court of jurisdiction via this appeal, and therefore the court canceled the hearing, and if we lose, I don't know if the court's going to reset it or if the government's going to urge the court to reset it, I don't know. Well, here you've got a case that's been dismissed by the City of Great Falls. Do you think that Judge Molloy is going to then punish him? I don't know the answer to that. I don't have confidence in the U.S. Attorney's Office, Your Honor, just given their current policies. I expect they will pursue it. I don't know what Judge Molloy will do, but I anticipate if we fail in this appeal, we will be back before Judge Molloy. As to what he's going to do, I don't know. Well, revocation has a different standard of proof than a criminal prosecution. One wouldn't necessarily control the other. You want to get the U.S. Attorney to say right here or they won't do it? I mean, I think you've got a very spirited public defender in Montana, but I really want to have confidence in your office and not have the office wasting our time. Well, I just urge the court to look at it from Mr. Boulay's perspective, who thought this was a final revocation hearing. There was no indication before, during the hearing, that it wasn't going to be a final revocation hearing. And then all of a sudden, there's a second final revocation hearing. I think that is unfair to Mr. Boulay. Who asked to put the DOI part of the revocation hearing over? The district court did that. Once we notified the court it had sentenced under the wrong guideline range. It used a guideline range that presumed that the DUI revocation allegation had been proven. That was a 6-12 month guideline range. When we notified the court via the Rule 35 motion, there was a legal technical error that the guidelines were actually 4-10 months based on the admitted drinking violation, which was separate from the DUI incident. The district court reduced his sentence to 10 months, as Judge Canby noted, and then reset a second final revocation hearing for December to adjudicate the allegation that the government forfeited its opportunity to prove at the first final revocation hearing. Thank you. All right. Good morning again, Your Honors. Eric Wolf for the United States. What's the point of continuing all this? The city of Great Falls is... That's right. Yeah. That's right. And you know what the upshot of that is, Your Honor? What? The way Judge Molloy handled this was totally beneficial to the defendant. Right. Well, why can't you agree right now that you won't bring him back? I have no idea how this guy is doing, but I'll say this. Well, no, on this point you won't bring him back. I just... I want to answer your question, Judge Noonan. I don't know. I don't know. And here's why. Let me just give you a quick timeline, because he was treated very reasonably and you, quite frankly, have a false depiction of what happened at the hearing for Mr. Rhodes. He's out from a meth charge. He has drinking problems. Why did you say incorrect? Incorrect. Yeah. But it's pretty bad, Your Honor, and I will explain that point. I mean, I don't use that lightly. He gets out. He has drinking problems. Molloy writes a note to the probation officer that says, This guy better shape up. This is his last chance. He gets the DUI. A week later, his mother calls a probation officer and says he has gone off the deep end. He is threatening people. Something has to be done. They give him a breathalyzer, and now there's a petition to revoke him  So we have a hearing. Mr. Rhodes is not at the hearing. At the hearing, he comes in and says, I will admit on the drinking I'm going to deny on the DUI, because there's a pending charge. Judge Molloy turns to the assistant U.S. attorney and says, Could you prove it? Yes. And then Judge Molloy explains to the defendant, Here's how this works. The probation officer will probably be called as a witness, and types of evidence can come in at this proceeding. It's not like a trial. You can have hearsay. That's how it's going to work. Now, how do you want to proceed? And he says, I will go and admit on that drinking charge, and that's it. That's the proceeding. I hope you very accurately summarized everything that's in the brief, but I don't think you've answered one bit the question why you don't know as to whether you would have another hearing. I don't know whether he's a relapsed alcoholic or not. We'll have to call up. We can let you use one of our phones. You wouldn't bring him up on the DUI charge. It might be another problem. I have no... Would you bring him up on the DUI charge that's been dismissed? Judge Newton, I desperately want to answer your question. It depends. It depends. It depends. I just learned today... What's it depend on? It depends why it was dismissed. I don't know why it was dismissed. Why didn't you find that out before you came here? Because I didn't think I'd have to come here and forecast the future proceedings against Mr. Boulay. I mean, I consider this case on both sides pretty much a waste of our time. But I shouldn't be tagged with that. I asked you to dismiss it. Ask us to dismiss what? This case for lack of jurisdiction. Yeah, the only reason it's here, of course, is that the Bilbo Jeopardy argument, and that's the thrust of my questions on whether the argument was just Rule 35 or whether it was double jeopardy. Rule 35 is premature. I mean, there's been no hearing. We don't know... Who knows if there'd been a hearing, whether it would have gone up two months or not. Maybe nothing would have happened. Nothing might happen. And, Your Honor, I think it's pretty remote. I mean, the reality is Mr. Van Dwettering has left our office and whoever replaces him is going to have better things to do than go around and harass Mr. Boulay. And I certainly understand the court's frustration with the U.S. Attorney's Office and the federal defenders not having better things to do than this appeal. I had to do this appeal. But here... If I could just say what I object to. Mr. Rhodes can show... I don't know where he's citing for this notion that the assistant U.S. attorney wasn't prepared to prove the charge, that we didn't want to do it that day. He didn't want to do it that day. And the reason he didn't want to do it is because there was a pending charge. It was perfectly reasonable to put it off for another day. And that's what the judge did. Well, I don't think... See, I don't... The way I read the record is the judge said, Well, all right, look, we've got two violations charged. We'll just go ahead with one and I'll give him 12 months. And then when they come back in and say, Oh, you can't. You made a mistake. You can't give us 12 months just on that one charge. That's when the judge decided, Well, maybe we'll do something about the second charge. I view that as entirely a clarification that we've only resolved one charge. I don't think there's anything vindictive. And at the hearing, it is all about Mr. Boulay getting treatment for raging alcoholism. Like, that's what the hearing is devoted to. He gets up, gives a long allocution that he is at a teachable moment in his life and would the court please help him get some treatment. Everybody's focused on this. The assistant U.S. attorney said that as well. The judge said that. It was very reasonable. And he could have given him 12 months. It would have been above the recommended guideline range, but of course the guidelines are only advisory. I wondered about that one. I mean, he got a break. He files this, quite frankly, you know, not very authorized motion to correct, and he got 2 months off. And he takes an appeal. So... And that it was in a Rule 35 order doesn't matter. It could have been in a separate order. That it was in that order is irrelevant, in my view. I'm sorry if I've... It may not have been Rule 35 matter at all. Well, look, we'll give you a phone. You work for the federal government. We'll let you use a federal phone. You can call up Missoula and ask questions, get the probation officer. Let's clear this thing up today. I am happy to write the court a letter. I will absolutely do that. I will write you a letter. I want you to call today. Just get on the phone. And call Great Falls and find out why his case was dismissed or just get authority not to proceed against him again without any facts as to how he's been doing. Well, do whatever you want to do. And I can call his probation officer. Call Great Falls. Call probation. But how does that resolve this appeal? Maybe you'll just back off of this and it'll end. And you'll come and tell him that you're not gonna raise this issue again. But we weren't raising anything, Your Honor. His probation officer revokes him. Like, that's... Oh, we just show up at this thing. Oh, not in the past. I mean, yeah, I suppose I could go back and call up his probation officer and say, what do you have on Boulay? Let's get him. That's not the question whether he might again be called for... Can he be called for the DUI event? Can he be... I should think you could answer that. But if you can't, call whoever you... I mean, can he? How could he? If this is what you're asking, like, can he legally be held to answer for drunken driving whether he was convicted in state court or the case was dismissed, the answer is yes, because it's a violation of his conditions of supervised release. But you'd have to prove it. And we could come in and say, Your Honor, we decline. We're gonna take a pass on this one. Judge Molloy will... I assume that he was arrested for it. The evidence would have been whatever the Montana police had wasn't good enough to go ahead with the case. Is a probation officer in the federal government going to prosecute that kind of case? I can't believe it. He's not gonna be... It's just a question of supervised release. He could get other conditions.  I have been stone-cold sober for a year, and I've gotten my life together, and I would just like to keep working at a job and go forth and prosper, and our answer to that would be good for you, and the court will say good for you, and nothing will happen. But you're not focusing on the question. I'm sorry. We seem to think it's the question. That is, would you go to the trouble of trying to prove he would have been driving under the influence? Well, here's... We might. Let me give you a hypothetical that would answer it. In Montana, we have a Supreme Court that is very aggressive with the Montana right to privacy. I don't know, but it's possible maybe they threw out some results or something like that that would have proven the DUI, so now you can't prove it. Why shouldn't he be held to answer for that on his violation of supervised release, even though you can't prove it in state court? That would seem reasonable. And if that were... I'll tell you what I think over here. With all due respect to defense counsel, I would have let both of those hearings take place at the same time, and and probably the result would have been the same. It could have been. Sure, I'm sure. Or it would have been 12 months instead of 10. It would have been over with. You see? So, you know, you're a very stubborn guy. I don't know why you just won't say, yes, I'll go and make a phone call, let's see what I come up with. You know. I can call his probation... I'm not going to embarrass you. I'll do it, Your Honor. Why don't you, if you're dealing with somebody's life, why don't you find out more about him when you come in here? How's he doing? What happened over there? We spend a lot of time on these things. And I would think that you would do that. You do what you want to do. If you want to make a call, you can call. We'll give you a phone. I'm happy to do that, Your Honor. I'm not trying to be stubborn. I know you're not trying. It's ingrained. Can I just say you said that if you had done this, you would have done them together and he gets 12 months. The way it was done was entirely to his benefit. He only got 10. He got to put off resolution of the DUI charge. Now it's dismissed. Now he's had time to show that he's cleaned himself up and maybe nothing more will happen. The way it was handled was totally to his benefit. And he appealed. And now I'm here. Like I'm the bad guy. You're not the bad guy. You're bringing us business. We like you. Come on. I just don't understand why the PD and the U.S. Attorney's Office don't get along better. You're in a small community. Missoula. My favorite city in the world. And now there's trouble. That upsets me. In the transcript of that hearing... I handled the district court calendar in Missoula for years. You didn't know that, did you? I didn't know that, Your Honor. Good for you. You didn't read my case. I know you love our state. On another front, you're getting the personnel. Judge Malloy has sat with us. He's a very reasonable judge. I can't believe that he would do anything more with this. Whatever the government might do. I can't either. It's not the government, Your Honor. It's really not. When Judge Malloy tried to reset the hearing after the appeal, he has an order. I can give it to the court. I have it with me. Where he's like, I don't know why you appealed. What are you appealing? Boule? This notion of divesting me of jurisdiction, I don't understand that either. But I'll wait to hear from the 9th Circuit. A lot of things happen here we don't understand. I mean, you know what goes on. So do you want to call him or not? I will call. I will give the clerk a note and find out what the current status is with Mr. Boule. We'll even give you a cup of coffee when you're there at the phone. That'd be nice. Alright, matter submitted. Alright. Okay. Next one is U.S. v. LeSean Johnson.
judges: Pregerson, Canby, Noonan